UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA HERRERA RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-02772-VC<br><br>**ORDER GRANTING CAPITAL ONE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

    Capital One's motion to dismiss is granted. Ramirez's only claim against Capital One arises under the Rosenthal Act, which incorporates the Fair Debt Collection Practices Act ("FDCPA") by reference. *See* Cal. Civ. Code § 1788.17. Ramirez alleges that Capital One violated section 1692e of the FDCPA, which prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

    The allegedly violative conduct here—Capital One's act of selling the debt at issue to Midland Credit Management—does not seem like conduct that is "in connection with" the collection of the debt, at least not as the term "collection" is commonly understood. And Ramirez has provided no authority to support her position. In fact, the cases that Ramirez's counsel cited during the motion hearing suggest that, far from an act done "in connection with" the collection of a debt, the sale of a debt is an *alternative* to collection. *See, e.g.*, *Hinkle v. Midland Credit Management*, 827 F.3d 1295, 1297–98 (11th Cir. 2016).

    It may well be that a cause of action exists for Capital One's allegedly negligent sale of a

debt that it knew, or had reason to know, did not belong to the purported debtor. But section 1692e of the FDCPA does not, by its terms, provide that cause of action, nor is the Court aware of case law supporting the artificial reading proposed by Ramirez.

The dismissal is with leave to amend. Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: October 20, 2022

_____
VINCE CHHABRIA
United States District Judge