UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA HERRERA RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-02772-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

Capital One's motion to dismiss is denied. Ramirez alleges that Capital One violated section 1692e of the Fair Debt Collection Practices Act—and therefore the Rosenthal Act—by calling her to collect a debt that did not belong to her. *See* 15 U.S.C. § 1692e (prohibiting debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."); Cal. Civ. Code § 1788.17 (incorporating by reference section 1692e of the Fair Debt Collection Practices Act).

The act of calling Ramirez one time about a debt—and confirming on that same call that Ramirez was not the debtor—appears both innocent and harmless. But the Fair Debt Collection Practices Act is a strict liability statute. *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014). It is also a remedial statute that "should be construed liberally in favor of the consumer." *Id.* at 1118. Several courts have therefore concluded that even one or two honestly mistaken communications can form the basis for liability under section 1692e. *See, e.g.*, *Christopher v. RJM Acquisitions LLC*, No. 13-cv-2274, 2015 WL 437541, at *4–5 (D. Ariz. Feb. 3, 2015) (two mistaken letters sent to collect a debt from the wrong person can give rise to liability under section 1692e); *Velazquez v. NCO Financial Systems, Inc.*, No. 11-cv-0263, 2011

WL 2135633, at *4–5 (E.D. Penn. May 31, 2011) (a single mistaken attempt to collect a debt from the wrong person can give rise to liability under section 1692e); *Owens v. Howe*, No. 04-cv-0152, 2004 WL 6070565, at *11 (N.D. Ind. Nov. 8, 2004) (same).

This conclusion is reinforced by the existence of the bona fide error defense. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (explaining that a defendant can avoid liability by proving by a preponderance of the evidence that "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation."); 15 U.S.C. § 1692k(c). The fact that a debt collector may defend itself by pointing to an adequate system for avoiding mistakes supports the idea that it can be subject to prima facie liability for such a mistake.

Whether Ramirez has adequately alleged that Capital One is subject to liability for its mistaken phone call must be analyzed using the objective, "least sophisticated debtor" standard. *Tourgeman*, 755 F.3d at 1117–19. Drawing all reasonable inferences in Ramirez's favor, Ramirez has plausibly alleged that Capital One, a debt collector, called her to collect a debt that did not in fact belong to her. Ramirez had the wherewithal to inform the representative on the phone that she owed no such debt, which prompted the representative to confirm that her information did not match the identifying information in Capital One's system. But a less sophisticated consumer could have been misled into believing they owed the debt or had been the victim of attempted fraud. Ramirez has therefore stated a claim under section 1692e.

Ramirez also brings defamation and false light claims against Capital One based on its communications to Midland Credit Management about her. To state a defamation claim under California law, a plaintiff must allege: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 719 (2007) (internal quotation marks omitted). "To establish a false light claim based on a defamatory publication, a plaintiff 'must meet the same requirements' as for a defamation claim." *Balla v. Hall*, 59 Cal. App. 5th 652, 687 (2021); *Eisenberg v. Alameda*

*Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999) ("When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls [with] the defamation cause of action.").

Ramirez has stated both claims. She plausibly alleges that, in selling the debt, Capital One communicated to Midland that the debt belonged to Ramirez, even though a Capital One representative had previously confirmed otherwise. As alleged, that communication was a false, defamatory publication to a third party. *See Pulver v. Avco Financial Services*, 182 Cal. App. 3d 622, 638 (1986) (defamation claim stated where the defendant allegedly reported to a third party that the plaintiff was responsible for a debt that did not in fact belong to her).[1]

Capital One argues that Ramirez does not allege the defamatory statement with sufficient specificity. *See Steinmetz v. General Electric Company*, No. 08-cv-1635, 2009 WL 2058792, at *5 (S.D. Cal. July 13, 2009) ("[W]hile a plaintiff need not plead the allegedly defamatory statement verbatim, the specifics and the substance of the allegedly defamatory statement must be identified.") (citing *Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981)). While it's true that Ramirez has not alleged the precise statement that Capital One communicated to Midland, a natural inference from the series of events alleged in the complaint is that Capital One falsely told Midland that Ramirez owed the debt. That is sufficient. "Less particularity is required when it appears that defendant has superior knowledge of the facts, as long as the pleading gives notice of the issues sufficient to enable preparation of a defense." *Id.* (citing *Bradley v. Hartford Accident & Indemnity Company, et al.*, 30 Cal. App. 3d 818, 825 (1973)).

Ramirez has also adequately alleged special damages resulting from Midland's subsequent efforts to collect from her, which included filing a lawsuit against her. *See Pulver*, 182 Cal. App. 3d at 638 (holding that the plaintiff sufficiently pleaded special damages by alleging financial harm in the form of lost earnings and damage to her credit); Cal. Civ. Code §

---

[1] Capital One does not address, in its motion to dismiss, the question whether the communication was privileged.

48a(d)(2) (defining special damages as "including the amounts of money the plaintiff alleges and proves he or she has expended as a result of the alleged libel"). And since Capital One was on notice that the debt did not belong to Ramirez, the alleged communication was at least negligent. *See Hecimovich v. Encinal Sch. Parent Teacher Organization*, 203 Cal. App. 4th 450, 470 (2012) (explaining that a defamation claim requires "that defendants failed to use reasonable care to determine the truth or falsity.").

Capital One must file an answer within 14 days of this Order. A Further Case Management is set for April 21, 2023, at 10:00 AM via Zoom. A Case Management Statement is due by April 14, 2023.

**IT IS SO ORDERED.**

Dated: February 27, 2023

_____
VINCE CHHABRIA
United States District Judge